**THE INTERNICOLA LAW FIRM, P.C.**
Charles N. Internicola (CNI4059)
1000 South Avenue, Suite 104
Staten Island, New York 10314
Telephone: (718) 979-8688
Facsimile: (718) 407-4835

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENINO'S IP, LLC | |
| Plaintiff, | **COMPLAINT** |
| -against- | **Civil No. 1:17-cv-10413** |
| | **Judge** _____ |
| JLB RESTAURANT GROUP, LLC, D/B/A DE NINNO'S | |
| Defendant. | |

Plaintiff, Denino's IP, LLC ("Plaintiff") by its attorneys, The Internicola Law Firm, P.C., for its Complaint, alleges as follows:

**NATURE OF ACTION**

1.    Plaintiff is the owner of the "Denino's" trademark and the related trademark registration on the principal register of the United States Patent and Trademark Office.

2.    Plaintiff has utilized and continues to utilize the "Denino's" trademark in connection with the operations of restaurants featuring pizza and Italian specialties.

1

3. Plaintiff has utilized and continues to utilize the Denino's trademark in connection with licensing and franchising of Denino's branded restaurants featuring pizza and Italian specialties.

4. Defendant operates a competing restaurant with a menu that includes but is not limited to pizza and Italian specialties.

5. This complaint sets forth claims under the Lanham Act, 15 U.S.C. §1051 *et. seq.* (the "Lanham Act") and related federal and state claims.

6. This action relates to, among other things, acts of infringement and unfair competition respecting the defendants infringement of Plaintiff's Denino's ® registered trademark in connection with defendants commercial use of identical and confusingly similar trade name comprised of "De Ninno's" and www.deninnos.com.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over these claims pursuant to 15 U.S.C.§1121, and 28 U.S.C. §§1331, 1338 and §1367 in that the case arises under the Trademark Laws of the United States, 15 U.S.C. §§1051 *et. seq*

8. This Court has jurisdiction of the unfair competition claims herein pursuant to 28 U.S.C §1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. §§1051 *et. seq*.

9. Venue is predicated upon 28 U.S.C. §1391(b) and (c).

## PLAINTIFF AND THE DENINO'S® REGISTERED TRADEMARK

10. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located at 524 Port Richmond Avenue, Staten Island, New York 10302.

11. Plaintiff is the owner and holder of the "Denino's" trademark that was registered on

the principal register of the United States Patent and Trademark office on March 7, 2000, under registration number "2325615" (the "DENINO'S TRADEMARK") application for registration of the Denino's Trademark dates back to September 4, 1998.

12. Prior to registration with the USPTO and at all times subsequent to registration, Plaintiff and Plaintiff's predecessors utilized, marketed and promoted and continue to utilize, market and promote, in New Jersey and throughout the United States, the DENINO'S TRADEMARK in connection with restaurants featuring and serving pizza and other Italian food specialties.

13. At all relevant times, Plaintiff and its predecessor maintain a website (focused on and featuring restaurant services with a menu that includes pizza and other Italian specialties) at Internet domain address "www.deninossi.com."

## THE DEFENDANT AND DEFENDANT'S ACTS OF INFRINGEMENT

14. Upon information and belief, Defendant is a New Jersey limited liability company with a principal place of business located at 9510 Pacific Avenue, Wildwood Crest, New Jersey, NJ 08260.

15. The marks used by the Defendant are either identical to Plaintiff's DENINO'S TRADEMARK or confusingly similar.

16. At all relevant times, Plaintiff and Plaintiff's predecessors have continuously used the DENINO'S TRADEMARK, which all entities prominently displayed in advertising and marketing its restaurant services, including use of the mark in paper advertisements and internet advertisements.

17. At all relevant times, Plaintiff and Plaintiff's predecessors created, developed and operate restaurants utilizing the DENINO'S TRADEMARK.

18. Plaintiffs, franchisees and customers and consumers relate the DENINO'S

TRADEMARK to a unique and highly regarded restaurants that feature and serve pizza and other Italian specialties.

19.     As a result of the substantial advertising and marketing, Plaintiff's DENINO'S TRADEMARK has become an asset of substantial value as a distinctive indication of the origin and quality of Plaintiff's restaurants and the restaurants of Plaintiffs Franchisees and licensees.

20.     By using the DENINO'S TRADEMARK, Plaintiff has developed significant and valuable goodwill in its mark, since first commencing to utilize the mark in interstate commerce.

**DEFENDANT'S INFRINGING USE OF THE ECOMAIDS TRADE NAME**

21.     Defendant has adopted and is using DE NINNO'S as its trade name in connection with restaurant services including but not limited to pizza and other Italian specialties.

22.     Defendant is using Plaintiff's DENINO'S TRADEMARK and/or a confusingly similar mark to the DENINO'S TRADEMARK to identify, market and promote Defendants and to sell pizza and other Italian food.

23.     Defendant is using confusingly similar, if not identical marks comprised of "De Ninno's" and "www.deninnos.com" (collectively the "Infringing Marks") to identify, market, and promote Defendant's restaurant.

24.     Defendant's first use of the designation DE NINNO'S in connection with its restaurant occurred well after the first use of the DENINO'S TRADEMARK and after the filing of the DENINO'S TRADEMARK application and registration.

25.      Because of the identical duplication and similarity between Plaintiff's DENINO'S TRADEMARK and Defendants Infringing Marks, prospective customers of Defendant's restaurant are likely to be deceived, mistaken, or confused as to the source or origin of Defendant's services.

26.     On September 6, 2017, Plaintiffs sent a notice to Defendant, wherein Defendant was

notified of Plaintiff's rights in the DENINO'S TRADEMARK, Defendants use of the Infringing Marks, and demanding that Defendant cease and desist from using the DENINO'S TRADEMARK and marks that are confusingly similar.

27. Despite due notice and demand, Defendant has failed to comply with Plaintiff's notice to cease and desist from Defendants use of the Infringing Marks.

28. Despite due notice and demand, Defendant failed to comply with Plaintiff's supplemental notice to cease and desist from Defendants use of the Infringing Marks.

29. Defendant has acted in bad faith and continues to act in bad faith and in complete disregard to the rights of Plaintiff.

30. Defendants infringement of Plaintiff's DENINO'S TRADEMARK has caused actual consumer confusion and damages to Plaintiff.

31. To date Defendant continues to use the Infringing Marks and to infringe on the DENINO'S TRADEMARK.

## FIRST CLAIM FOR RELIEF
**(Infringement of Federally Registered Trademark – Injunctive Relief and Damages)**

32. Paragraphs 1 through 32 are realleged and by this reference are incorporated into the First Claim for Relief.

33. Defendant's use of the designation DE NINNO'S and the Infringing Marks, alone or in combination with other words, in the identification, marketing and promotion of Defendant's restaurant is an infringement of Plaintiff's DENINO'S TRADEMARK in violation of Section 32 of the Lanham Act of 1946, 15 U.S.C. § 1114.

34. Defendant will, if not enjoined by this Court, continue its acts of trademark infringement set forth above, which have caused and will continue to cause Plaintiff immediate and

irreparable harm. Defendant's acts have damaged Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in its trademark.

35. Pursuant to Section 34 of the Lanham Act, 15 U.S.C. §1116, Plaintiff is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendant, its officers, agents, and employees from using the designation DENINO'S alone or in combination with other words or in any other imitations of the DENINO'S TRADEMARK and confusingly similar marks including the Infringing Marks in the identification, marketing and promotion of any restaurant.

36. As a result of Defendant's trademark infringement, Plaintiff has suffered damages, the exact amount of which Plaintiff has not yet been able to determine. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117, Plaintiff is entitled to recover a judgment for damages not to exceed three times the amount of its actual damages, as shall be proved at trial, together with interest thereon, and for an amount equal to Defendant's profits derived from its unlawful and wrongful conduct.

**SECOND CLAIM FOR RELIEF**
**(False Designation of Origin – Injunctive Relief and Damages)**

37. Paragraphs 1 through 37 are realleged and by this reference are incorporated into the Second Claim for Relief.

38. Defendant's use of the designation DE NINNO'S in its identification, marketing, and promotion of its restaurant for its own benefit, in such a fashion and design as to imitate Plaintiff's DENINO'S TRADEMARK, constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), on the grounds that it creates a likelihood of confusion among prospective purchasers and employees, and further on the grounds that such usage induces, or is likely to induce, prospective

purchasers and employees and others to believe, contrary to facts, that Defendant's services are performed by, approved by, or otherwise connected in some way with Plaintiff or with Plaintiff's services.

39. Defendant's use of the Infringing Marks in the manner alleged above constitutes a false designation of origin of Defendant's goods and services, or false description or representation of Defendant's goods and services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

40. Defendant will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designation and false representation set forth above, which has caused, and will continue to cause, Plaintiff immediate and irreparable harm.

41. Pursuant to Section 34 of the Lanham Act, 15 U.S.C. §1116, Plaintiff is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendant, its officers, agents, and employees from using DE NINNO'S alone or in combination with other words or any other colorable imitations of Plaintiff's DENINO'S TRADEMARK, in the identification, marketing and promotion of any restaurant.

42. As a result of Defendant's acts of unfair competition set forth above, Plaintiff has suffered damages, the exact amount of which Plaintiff has not yet been able to determine. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117, Plaintiff is entitled to a judgment for damages not to exceed three times the amount of its actual damages, as shall be proved at trial, together with interest thereon, and for an amount equal to Defendant's profits derived from its unlawful and wrongful conduct.

## THIRD CLAIM FOR RELIEF
**(Common Law Trademark Infringement – Injunctive Relief and Damages)**

43. Paragraphs 1 through 43 are realleged and by this reference are incorporated into the Third Claim for Relief.

44. Plaintiff first used the DENINO'S TRADEMARK mark before Defendant first used the mark DE NINNO'S and the Infringing Marks.

45. Defendant's use of the phrase DE NINNO'S and the Infringing Marks infringes Plaintiff's ownership of the DENINO'S TRADEMARK and has and will continue to have the effect of causing confusion, mistake, or deception as to the source and origin of Defendant's restaurant services and to deceive the public by passing off Defendant's restaurant as being sponsored, or otherwise approved by or connected with Plaintiff.

46. Defendant's acts have damaged Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in its trademark.

47. Unless enjoined by this Court, Defendant will continue its acts of trademark infringement, thereby deceiving the public and causing Plaintiff immediate and irreparable harm and damage.

48. Plaintiff is entitled to an order of this Court enjoining Defendant, its officers, agents, and employees, and anyone acting in concert with it, from using the phrase DE NINNO'S alone or in combination with other words or any other colorable imitations of the DENINO'S TRADEMARK in (including the Infringing Marks) Defendant's identification, marketing or promotion of its restaurant or in any other way in connection with the conduct of its business.

49. As a result of Defendant's conduct set forth above, Plaintiff has suffered damages the exact amount of which Plaintiff has not been able to determine. Plaintiff is entitled to recover from defendant such damages, together with interest thereon, and an amount equal to Defendant's profits derived from its unlawful and wrongful conduct.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition -- Injunctive Relief, and Damages)

50. Paragraphs 1 through 50 are realleged and by this reference are incorporated into the Fourth Claim for Relief.

51. The tendency and effect of Defendant's continued use of the designation DE NINNO'S and the Infringing Marks, alone or in combination with other words, in the advertising and marketing of its services is to cause confusion, mistake, and deception as to the source or origin of Defendant's restaurant and the goods and services provided by Defendants restaurant. Defendant's acts have damaged Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in its service mark, and constitute common law unfair competition.

52. Unless enjoined by this Court, Defendant will continue its acts of unfair competition, and trademark and service mark infringement, thereby deceiving and confusing the public and causing Plaintiff immediate and irreparable damage.

53. Plaintiff is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendant, its officers, agents, and employees from using the designation DE NINNO'S and the Infringing Marks, alone or in combination with other words or in any other colorable imitation of Plaintiff's DENINO'S TRADEMARK, in Defendant's identification, marketing and promotion of Defendant's restaurant or any business conducted by Defendant.

54. As a result of Defendant's conduct as set forth above, Plaintiff has suffered damages the exact amount of which has not been ascertained. Plaintiff is entitled to recover damages in an amount to be proved at trial, together with interest thereon.

## FIFTH CLAIM FOR RELIEF

**(Trademark Dilution Injunctive Relief and Damages)**

55. Paragraphs 1 through 55 are realleged and by this reference incorporated into this claim for relief.

56. Plaintiff's DENINO'S TRADEMARK has become famous and distinctive through Plaintiff's continuous use of the name and mark in connection with the identification, marketing and promotion of its restaurants.

57. Through widespread and favorable public acceptance, Plaintiff's mark has gained a reputation as a distinctive indication of the origin and quality of Plaintiff's services.

58. Defendants have used and continue to use the confusingly similar DE NINNO'S mark in connection with Defendant's identification, marketing and promotion of Defendant's restaurant.

59. Defendant's use of the DE NINNO'S mark in connection with the identification, marketing and promotion of Defendant's restaurant has caused and will continue to cause injury to and dilution of the distinctive quality of the DENINO'S mark in violation of Plaintiff's rights under 15 U.S.C. §1125(c).

60. Defendant engaged in these actions willfully, recklessly, wantonly and unlawfully and with the intent to dilute Plaintiff's mark, and with the intent to trade on Plaintiff's goodwill and reputation.

61. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer irreparable harm, and Plaintiff has no adequate remedy at law if Defendant's actions in this regard are allowed to continue.

62. Pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), Plaintiff is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made

permanent, enjoining Defendants, their officers, agents, and employees from using the DENINO'S TRADEMARK, the Infringing Marks or any other colorable imitations of Plaintiff's DENINO'S TRADEMARK in Defendant's identification, marketing and promotion of Defendant's restaurant or any other business of Defendant.

63. As a result of Defendant's acts as set forth above, and in addition to the irreparable harm already suffered, Plaintiff has suffered damages, the exact amount of which will be determined at trial. Pursuant to Sections 35 and 36 of the Lanham Act, 15 U.S.C. §§1117 and 1118, Plaintiff is entitled to a judgment for damages not less than three times the amount of their actual damages, as shall be proved at trial, together with interest thereon, an amount equal to Defendant's profits derived from its unlawful and wrongful conduct, and an order requiring Defendant to destroy all infringing advertising and marketing materials.

64. Defendant's actions as set forth above entitle Plaintiffs pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117 to an award of attorneys' fees incurred in bringing this action.

### SIXTH CLAIM FOR RELIEF
**(Attorney's Fees)**

65. Paragraphs 1 through 65 are realleged and by this reference are incorporated into the Sixth Claim for Relief.

66. Because Defendant's acts and conduct were willful, fraudulent, reckless, or in bad faith, Plaintiff is entitled to an award by the Court of its reasonable attorneys' fees, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

A. On Counts I through VI, awarding Plaintiff damages in an amount to be determined at trial, which amount should be trebled, together with interest as provided by law, attorneys' fees and

costs;

B.  On Counts I through VI:

(i) issuing of a preliminary and permanent injunction against the Defendant and the officers, agents, servants, employees, and attorneys, and those persons acting in concert or with them:

  (a) restraining Defendant from using Plaintiff's DENINO'S Trademarks, or any other colorable imitation, or confusingly similar variation of the aforementioned trademarks, or in any other manner which suggests in any way that defendants and/or their activities or services originate from, are affiliated with, or are sponsored, authorized, approved, or sanctioned by Plaintiff, or that Plaintiff and/or its services or activities are affiliated in any way with Defendant;

  (b) restraining Defendant from infringing Plaintiff's DENINO'S Trademark;

  (c) restraining Defendant from engaging in acts of state or common law trademark infringement, service mark infringement, unfair competition, or misappropriation which would damage or injure Plaintiff;

  (d) restraining Defendant from diluting the DENINO'S Trademark;

  (e) restraining Defendant from inducing, encouraging, instigating,

inducing, aiding, abetting or contributing to any of the aforesaid acts.

(ii) Directing that all materials, advertisements, labels, tags, pamphlets, brochures, signs, sales literature, stationery, contracts, documents, materials, and the like in the possession or under the control of Defendant, and all, if used, violate the Order herein granted, be delivered up and destroyed as the Court shall direct;

(iii) Directing that all advertisements and all websites displaying and/or utilizing the Infringing Marks be transferred to Plaintiff.

(iv) Directing that Defendant file with the Court and serve on counsel for Plaintiff within thirty (30) days after service on Defendant of such Order, or within such extended period as this Court may direct, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the Order;

(v) Compelling Defendant to account for its sales;

(vi) Awarding Plaintiff damages for Defendant's profits and/or royalties resulting from Defendant's unlawful acts set forth herein, in an amount to be proven at time of trial, together with legal interest from the date of accrual thereof;

(vii) Awarding Plaintiff damages resulting from Defendant's unlawful acts set forth herein, in an amount to be proven at time of trial, together with legal interest from the date of accrual thereof;

(viii) Awarding Plaintiff treble damages as a result of Defendant's willful, wanton and deliberate acts;

(ix) Awarding Plaintiff punitive damages, in an amount to be proven at trial;

(x) Awarding Plaintiff the costs of this civil action, together with Plaintiff's reasonable attorney fees, both pursuant to 15 U.S.C.§1116 and/or §1117; and

      C.      Awarding Plaintiff such other and further relief as the Court may deem equitable and proper.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38(b), plaintiff demands a trial by jury.

                                            **THE INTERNICOLA LAW FIRM, P.C.**
                                            Attorneys for Plaintiff
                                            1000 South Avenue, Suite 104
                                            Staten Island, New York 10314
                                            (718)979-8688

                                            By:_____
                                                Charles N. Internicola (CNI4059)

Plaintiff's Address:

Denino's IP, LLC
524 Port Richmond Avenue
Staten Island, New York 10302